Beist *v.* Sipe.

## BEIST *v.* SIPE.

[No. 2,032.   Filed September 23, 1896.]

SALE.—*Contract.*—An agreement by which A was to furnish to B a music box with a dropslot attachment, B to remit each week the collections therefrom, making up the amount to a certain sum if below that, until he had remitted $250, at which time B was to own the box, with an option to A in case of default to sue for the balance due, or to refund one-half of the collections remitted and retake the box, is a contract of sale and purchase on which the first party can sue in case of a default in payment for the unpaid balance of the contract price.

APPEAL.—*Pleading.*—*Answer.*—Sustaining a demurrer to a paragraph of answer is not reversible error, although the paragraph is good, where the same defense alleged therein is set up in another paragraph which is not held bad.

CONTRACT.—*Execution of, Without Reading.*—A party cannot be relieved from a written contract upon the ground that it does not represent his understanding of the agreement, where he signed it without having it read or without reading it himself, unless he was induced to sign it by some misrepresentation.

From the Madison Circuit Court. *Affirmed.*

*William A. Kittinger* and *Edward D. Reardon,* for appellant.

*Mark P. Turner* and *Bartlett H. Campbell,* for appellee.

Ross, J.—This was an action upon the following written instrument, to-wit:

"ANDERSON, IND., Sept. 7, 1894.

"AUG. BEIST—We propose to supply you with a musical box, provided with a drop slot attachment, on the following explicit terms and conditions, which our agent is not authorized to change, alter, or vary in any manner or degree, viz: You to make all collections from the box and remit to us, at Cleveland, Ohio, on our order, on each Monday following this date, an amount equal to that collected by the box during the previous week, until such remittance shall amount to $250.00, at which time we agree to give to you a receipted bill of sale of the box. Should the box at any time collect less than two dollars in any week, you to supply a sum sufficient to make such week's collection equal to two dollars. Upon your failure to remit any payment, as above agreed, the whole amount will become due and payable, or we may, at our election, refund to you 50 per cent. of the money paid us and remove the box, you forfeiting all claims thereto. You to give the box the same care as you do your other furniture and fixtures in the same room, and to keep it in repair, and you to place, nor allow to be placed, no other musical box in your place during this agreement.

[Signed] AUTOMATIC MUSIC CO.

"I accept the above propositions, this 7th day of September, 1894.

[Signed] AUG. BEIST."

The first and second specifications of error assigned call in question the sufficiency of the complaint.

It is urged, on behalf of the appellant, that the instrument sued on is not a contract for the purchase of the music box, but is an agreement on appellant's

part to remit to the appellee, weekly, whatever money the box should collect.

It is true, the article or contract does not contain the words bargain or sell, purchase or buy, and yet it does contain an agreement on appellee's part to furnish appellant with a "Musical Box," provided with a drop slot attachment, for which he was to collect from the box and remit to appellee weekly the amount collected in the box, until he had remitted the sum of $250.00, and in the event the amount collected in the box during any week was less than two dollars, the appellant was to make up the deficiency until the remittance should equal two dollars. When the entire $250.00 were remitted the appellee was to give to the appellant a receipted bill for the box. The language of the instrument is sufficiently clear to show an agreement to furnish and sell on the one part, and to purchase and pay on the other.

It is further urged that the complaint is insufficient because the instrument sued on is one granting to the appellee several rights dependent upon an election on his part, and that no facts are alleged showing such election and notice thereof to the appellant. This position we think untenable. The right to refund 50 per cent. of the remittance and to reclaim the box was a special right granted appellee, of which he could take advantage only by complying with the terms of the contract. But this right did not infringe upon appellant's right to pay for and retain the box. The right of appellee to claim a forfeiture could not be enforced if the appellant complied with his part of the contract and paid for the machine. Again, the right to declare such forfeiture was optional on appellee's part. He could declare such forfeiture only upon a return of 50 per cent. of the amount remitted. If he failed to return 50 per cent. of the remittances, his

only remedy was to sue the appellant upon the contract for the balance due.

The third and fourth specifications of error assigned are predicated upon rulings of the court on demurrers to the fifth and sixth paragraphs of appellant's answer.

The record before us discloses that, on the 11th day of April, 1895, the appellee's demurrers to the fifth and sixth paragraphs of appellant's answer were sustained, and appellant given leave to amend such answers. On the 10th day of May, 1895, appellant filed an amended fifth paragraph of answer, to which a demurrer was filed by the appellee, and overruled by the court.

The third specification of error presents no question because there is no ruling upon which to base it. When the appellant was granted leave to amend his fifth and sixth paragraphs of answer, if he availed himself of the right, he waived the exception saved to the court's rulings on the demurrers thereto. So far as the fifth paragraph is concerned, he took advantage of the leave granted him and filed an amended fifth paragraph. The amended fifth paragraph was held good.

The sixth paragraph of the answer sets up the same defense alleged in the amended fifth paragraph, hence, if it be conceded that the sixth paragraph is good, which we seriously doubt, the ruling of the court in sustaining a demurrer thereto was harmless.

The fifth and last specification of error is: "The court erred in overruling appellant's motion for a new trial."

The reasons assigned for which a new trial was asked were:

"1st. The decision of the court is not sustained by sufficient evidence.

"2d.   The decision of the court is contrary to law.

"3d.   The damages assessed by the court are excessive.

"4th.   The assessment of amount of recovery is erroneous, being too large."

There is ample evidence to sustain the finding of the court.   On the question as to whether or not, at the time the machine was placed in appellant's house, he agreed to purchase it, or simply understood it was being left with him, and that the contract he signed was represented to be merely a receipt, there is a sharp conflict in the evidence.   That the appellant signed the contract is undisputed, but whether or not he read it before signing is not clear.   If he signed it without having it read, or without reading it himself, that is his misfortune.   It is nevertheless his contract, unless he was induced to sign it under some misrepresentations.   The court below, hearing the evidence and having the witnesses and parties before it, has decided that the weight of the evidence preponderates in favor of the appellees.   We see no reason for disturbing the finding of the court, either on the weight of the evidence or on account of the amount of damages assesed.   The action was to recover the balance due under the terms of the contract.   The value of the machine was the amount the appellant, by the terms of the contract, agreed to pay for it.

The finding and judgment were for the balance unpaid of the contract price.

Judgment affirmed.